1  David A. Bahr (Oregon Bar No. 90199)
   Bahr Law Offices, P.C.
2  1035 ½ Monroe Street
   Eugene, OR  97402
3  (541) 556-6439
4  davebahr@mindspring.com
   (Application for admission *pro hac vice* pending)
5

6  Rachel S. Doughty (California Bar. No. 255904)
   Greenfire Law
7  1202 Oregon Street
   Berkeley, CA 94702
8  (828) 424-2005
9  rdoughty@greenfirelaw.com

10  *Plaintiff's Counsel*

11

12

13  **IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF CALIFORNIA
14  SAN FRANCISCO DIVISION**

15  **ALAN STEIN,**                    Case No.  3:15-cv-3510

16            Plaintiff,              **COMPLAINT FOR DECLARATORY AND
                                      INJUNCTIVE RELIEF**
17        *vs*.
                                      Freedom of Information Act
18                                    Administrative Procedure Act
    **UNITED STATES DEPARTMENT OF COM-
19  MERCE,**

20            Defendant.

21        Mr. Alan Stein ("Plaintiff"), alleges as follows:

22                        **INTRODUCTION**

23  **1.**      This action is premised upon, and consequent to, violations of both the Freedom of Information

24  Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701

25  *et. seq*. It challenges the unlawful failure of the Defendant, the Department of Commerce ("DOC" or

26  "Department") and its components the National Oceanic and Atmospheric Administration ("NOAA"),

27

28

and the Office of Inspector General ("OIG"), to respond to Plaintiff's FOIA requests and appeals in the manner and within the time required by FOIA. Between October 12, 2012 and February 23, 2015 Plaintiff Alan Stein submitted a total of 12 FOIA requests to NOAA and the DOC's OIG and which are the subject of this Complaint. Although the DOC has disclosed certain documents responsive to Plaintiff's requests, it has unnecessarily, unreasonably, and unlawfully failed to provide final decisions regarding additional records responsive to Stein's requests. Moreover, DOC is unlawfully withholding information responsive to Plaintiff's FOIA requests that does not fall within the scope of FOIA's exemptions to mandatory disclosure.

**2.**      The purpose of the FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). The FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b). Except in unusual circumstances, federal agencies generally must determine within twenty business days whether requested records are exempt from withholding and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. §§ 552(a)(6)(A)(i); *id.* at (a)(3)(A), (a)(6)(C)(i).

**3.**      Prompt access to the requested information is crucial to the Plaintiff because it is directly relevant to his ability to effectively engage in, and provide public oversight of, NOAA's investigation and eventual prosecution of a United States Senate Aide who played a large role in moving federal fishery management from purely conservation toward privatization of the resource which has in some areas of the country (and would have in others) sharply reduced the number of fishing vessels and canneries. While the Aide was sentenced to jail and fined, a controversy remains unresolved as to the role of NOAA administrators in not pursuing one of the several of the original complaints in 2007 and proceeding with a full scale investigation in 2009 only after the DOC's Office of Inspector General and the Federal

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Bureau of Investigation were alerted to the lack of NOAA's progress. Basic questions remain about what individuals in the agency knew of the Aide's illegal fishing violations and when they knew it. Accordingly, Plaintiff Stein submitted his FOIA requests to NOAA and the DOC OIG, which are the subject of this Complaint. As NOAA continues to have a central role in federal fishery management, it is imperative that these documents be released quickly and efficiently.

**4.**     Plaintiff recognizes the realities of DOC's workload and has been more than willing to give the Agency additional time to make the required determinations and to disclose requested records in this and many other matters. But in this case DOC has missed almost every applicable deadline while showing little sign that it will ever actually disclose the requested records to Plaintiff on a timeline that will allow him to use them to provide meaningful public oversight of the Agency's handling of fraud, misconduct and subterfuge within NOAA.

**5.**     Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies. Defendant violated the statutory mandates and deadlines imposed by FOIA through its failure to provide final determinations resolving Plaintiff's FOIA requests and appeals within the time and manner required by law. Additionally, Defendant has unlawfully withheld certain information responsive to Plaintiff's requests by applying FOIA's disclosure exemptions in an overly broad manner not supported by the Act's clear language. Accordingly, Plaintiff seeks declaratory relief establishing that Defendant has violated the FOIA and APA. Plaintiff also seeks injunctive relief directing Defendant to promptly provide Plaintiff with the requested material.

### JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT, AND BASIS FOR RELIEF

**6.**     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

**7.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district because Mr. Stein resides in Mendocino, California, which is located in this judicial district and division. Assignment is proper in this division for the same reason. L.R. 3-2(d)

**8.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**9.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

**10.**     Alan Stein was a commercial fisherman and homesteader in Alaska. He was an activist who was the main force behind *Zieske v Butz*, 406 F.Supp. 258 (D.Alaska 1975) and *Stein v Barton,* 740 F. Supp. 743 (D. Alaska, 1990). In 1976, he testified before both chambers of Congress considering passage of the National Forest Management Act. He was the leading voice in Alaska for buffer strips along salmon streams. As founder and Executive Director of the Salmon Bay Protective Association, he united Alaska commercial fishermen and salmon canneries to get buffer strip language made into law. He has appeared on TV and radio programs and published in the National Fisherman, the Fisherman News, and other fisheries related outlets. Mr. Stein submitted these FOIA requests to discover how NOAA botched its investigation into the leading fisheries aide in the US Senate who was eventually incarcerated. He hopes new conflict of interest procedures and checks and balances will arise from his efforts to flesh out how the Agency allowed a serial fisheries violator rise to appointed positions on a federal fisheries councils which allocated billions of dollars worth of resources without being detected. He is working on a time sensitive book addressing these issues. Time is of the essence in this case.

**11.**     Defendant United States Department of Commerce, is an agency of the executive branch of the United States government, it is in possession and control of the records sought by Plaintiff, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f). The National Oceanic and Atmospheric Admin-istration and the Office of Inspector General are components of the DOC.

## STATUTORY BACKGROUND

**12.**     The FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal

agency that receives a FOIA request to determine whether the requested records are exempt from disclo-

sure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty

business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the requested records are exempt

from public disclosure, the agency must also communicate to the requester that they have a right to ap-

peal that determination. *Id.* If the agency determines the records are not exempt from public disclosure,

the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C.

§ 552(a)(3)(A), (a)(6)(C)(i).

**13.**     Congress has set forth the circumstances in which federal agencies may obtain more time to

make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the

agency may toll the twenty business-day deadline for making that determination. The first provides for

up to a ten-day tolling period to allow an agency to seek information from a requester. 5 U.S.C. §

552(a)(6)(A)(ii). Additionally, the agency may extend the twenty business-day deadline for making that

determination for an additional ten business days by providing a written notice to the requester that sets

forth the "unusual circumstances" that justify the deadline extension and the date on which the agency

expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific defini-

tion of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a

requester of unusual circumstances and the need for additional time, the agency's written notification

"shall provide the person an opportunity to limit the scope of the request so that it may be processed

within that time limit or an opportunity to arrange with the agency an alternative time frame for pro-

cessing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting

that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id.*

**14.** Unless an agency subject to the FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, the FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**15.** A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**16.** Agency action under the FOIA is also subject to judicial review under the APA. *Oregon Natural Desert Ass'n.. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (finding that violation of the FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law), *affirmed in part, reversed on other grounds*, *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009). Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439

## STATEMENT OF OPERATIVE FACTS

### Regarding FOIA Request DOC NOAA 2013-138/Appeal DOC OS 2014-567

**17.**     Via email, on October 18, 2012, Plaintiff requested documents from NOAA concerning illegal conduct engaged in by Senator Lisa Murkowski's former staffer Arne Fuglvog.

**18.**     On November 9, 2012, NOAA split the request into two parts, assigning tracking numbers DOC NOAA 2013-138 and DOC NOAA 2013-139 (addressed below), respectively.

**19.**     The FOIA requires an agency to issue a final determination resolving a FOIA request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**20.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2013-138 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**21.**     By letter dated January 24, 2014, NOAA denied FOIA Request DOC NOAA 2013-138 in its entirety asserting that FOIA's Exemption 7(A) prevented disclosure of responsive information.

**22.**     On February 21, 2014, Plaintiff timely appealed NOAA's decision regarding FOIA Request DOC NOAA 2013-138. The appeal was assigned tracking number DOC OS 2014-567.

**23.**     The FOIA requires an agency to issue a final determination resolving a FOIA appeal within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**24.**     Defendant failed to issue a final decision on Plaintiff's FOIA Appeal DOC OS 2014-567 within 20 business days from receipt of Plaintiff's February 21, 2014 FOIA appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii).

**25.**     On April 4, 2014, September 3, 2014, May 13, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day appeal decision deadline, 5 U.S.C § 552(a)-(6)(A)(ii), for FOIA Appeal DOC OS 2014-567 and further requested an estimated completion date for same.

COMPLAINT                                              7                          BAHR LAW OFFICES, P.C.
                                                                                         1035 ½ Monroe Street
                                                                                         Eugene, OR  97402
                                                                                         (541) 556-6439

26.     Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstanc-es" prevented it from compliance with FOIA's decision deadlines for Request DOC NOAA 2013-138 or Appeal DOC OS 2014-567 and providing a date on which the Agency expected to make a determina-tion. 5 U.S.C. § 552(a)(6)(B)(ii).

27.     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently be-ing withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2013-138.

28.     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Appeal DOC OS 2014-567 has passed.

29.     As of the date this action was filed, the DOC had not issued a final determination on Plaintiff's FOIA Appeal DOC OS 2014-567.

30.     As of the date this action was filed, Defendant has not informed Plaintiff of an estimated comple-tion date for FOIA Appeal DOC OS 2014-567 currently pending with the Agency.

31.     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

32.     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

### Regarding FOIA Request DOC NOAA 2013-139/Appeal DOC OS 2014-443

33.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

34.     Via email, on October 18, 2012, Plaintiff requested documents from NOAA concerning NOAA illegal conduct engaged in by Senator Lisa Murkowski's former staffer Arne Fuglvog.

35.     On November 9, 2012, NOAA split the request into two parts, assigning tracking numbers DOC NOAA 2013-138 (addressed above) and DOC NOAA 2013-139, respectively.

**36.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2013-139 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**37.**     On January 8, 2013, February 13, 2013 and May 28, 2013, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline, 5 U.S.C § 552(a)(6)(A)(i), regarding FOIA Request DOC NOAA 2013-139 and further requested an estimated completion date for same.

**38.**     On December 24, 2013, NOAA denied FOIA Request DOC NOAA 2013-139 in part, releasing 1,271 pages in whole or in part while asserting that FOIA's exemptions 3, 4, 5, 6, 7(C), and 7(E) prevented disclosure of some responsive information.

**39.**     On January 22, 2014, Plaintiff timely appealed NOAA's decision regarding FOIA Request DOC NOAA 2013-139. The appeal was assigned tracking number DOC OS 2014-443.

**40.**     Defendant failed to issue a final decision on Plaintiff's January 22, 2014 appeal (DOC OS 2014-443) within 20 business days from receipt FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(ii).

**41.**     On February 23, 2014, March 12, 2014, April 4, 2014, September 14, 2014, May 13, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day appeal decision deadline for Appeal DOC OS 2014-443, 5 U.S.C § 552(a)(6)(A)(ii), and further requested an estimated completion date for same.

**42.**     Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadlines for Request DOC NOAA 2013-139 or Appeal DOC OS 2014-443 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**43.**     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2013-139.

**44.**     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Appeal DOC OS 2014-443 has passed.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**45.**     As of the date this action was filed, Defendant has not provided a final determination on Plaintiff's FOIA Appeal DOC OS 2014-443 pending with the Agency.

**46.**     As of the date this action was filed, Defendant has not informed Plaintiff of an estimated completion date for FOIA Appeal DOC OS 2014-443 currently pending with the Agency.

**47.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**48.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-144/Appeal DOC OS 2015-898**

**49.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**50.**     Via email, on September 16, 2014, Plaintiff requested documents from NOAA seeking from NOAA records which indicate who in NOAA or National Marine Fisheries Service ('NMFS") accessed 1) the Justware and/or 2) Law Enforcement Accessible Data Base for investigations, allegations, and citations concerning Arne Fuglvog or Freddie Hankins or Fuglvog's fishing vessel, Kamilar.

**51.**     On October 21, 2014, NOAA assigned the request tracking number DOC NOAA 2015-144 and issued a formal acknowledgement letter on October 24, 2014.

**52.**     On November 14, 2014, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline regarding Request DOC NOAA 2015-144, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for same.

**53.**     By letter dated November 20, 2014, Defendant informed Plaintiff that it was asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline and extended to December 3, 2014 the deadline by which the Agency expected to make a final determination regarding Request DOC NOAA 2015-144. 5 U.S.C. § 552(a)(6)(B)(ii). The December 3, 2014 date selected by De-

---

fendant was far beyond the ten-day extension allowed by FOIA in limited circumstances. 5 U.S.C § 552(a)(6)(B)(i).

**54.** However, Defendant failed to issue a final determination of Plaintiff's FOIA Request DOC NO-AA 2015-144 by December 3, 2014.

**55.** On January 7, 2015, January 20, 2015, February 13, 2015, and March 2, 2015, Plaintiff notified the Defendant that it had violated FOIA's decision deadline regarding Request DOC NOAA 2015-144, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for same.

**56.** By letter dated January 23, 2015, Defendant issued an interim decision that denied Request DOC NOAA 2015-144 in part, releasing 14 pages in whole or in part while asserting that FOIA's exemption 6 prevented disclosure of some responsive information.

**57.** By letter dated March 2, 2015, NOAA issued a final decision that denied Request DOC NOAA 2015-144 in part, releasing 850 pages in whole or in part while asserting that FOIA's exemptions 3, 4, 5, 6, 7(C), 7(E) prevented disclosure of some responsive information.

**58.** Via email, on March 12, 2015, Plaintiff timely appealed NOAA's decision. The appeal was assigned tracking number DOC OS 2015-898.

**59.** Defendant failed to issue a final decision on Plaintiff's appeal within 20 business days from receipt of Plaintiff's FOIA Appeal No. DOC OS 2015-898 as required by 5 U.S.C. § 552(a)(6)(A)(ii).

**60.** Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's appeal decision deadline for appeal DOC OS 2015-898 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, Defendant has not explained why it did not comply with the December 3, 2014, decision deadline for Request DOC NOAA 2015-144 that it unilaterally imposed.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439

61.     On May 13, 2015 and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day appeal decision deadline for Appeal No. DOC OS 2015-898, 5 U.S.C § 552(a)(6)(A)(ii), and further requested an estimated completion date for same.

62.     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-144.

63.     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Appeal No. DOC OS 2015-898 has passed.

64.     As of the date this action was filed, Defendant has not provided a final determination on Plaintiff's FOIA Appeal No. DOC OS 2015-898 pending with the Agency.

65.     As of the date this action was filed, Defendant has not informed Plaintiff of an estimated completion date for FOIA Appeal No. DOC OS 2015-898 currently pending with the Agency.

66.     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

67.     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-595**

68.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

69.     Using Defendant's online portal "FOIAonline," on January 27, 2015, Plaintiff requested from NOAA "all records concerning NOAA Administrator Dr. Jane Lubchenco's schedule from January 1 2009 to March 1, 2013." Defendant assigned the request tracking number DOC NOAA 2015-595.

70.     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-595 as required by 5 U.S.C. § 552(a)(6)(A)(i).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**71.** On April 7, 2015, April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline for Request DOC NOAA 2015-595, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for same.

**72.** Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline for Request DOC NOAA 2015-595 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**73.** None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-595.

**74.** As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Request DOC NOAA 2015-595 has passed.

**75.** As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's FOIA Request DOC NOAA 2015-595.

**76.** As of the date this action was filed, the NOAA has not informed Plaintiff of an estimated completion date for FOIA Request DOC NOAA 2015-595 currently pending with the Agency.

**77.** Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**78.** Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-596/Appeal of FOIA Request NOAA 2015-596**[1]

**79.** The allegations made in all preceding paragraphs are realleged and incorporated by reference

---

[1] As noted below, Defendant did not issue a tracking number for this appeal.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

herein.

**80.**     Using Defendant's online portal "FOIAonline," on January 27, 2015, Plaintiff requested from NOAA "all records or logs documenting visitors to NOAA's headquarters at 1401 Constitution Avenue NW in Washington DC from January 1, 2009 to March 1, 2013." Defendant assigned the request tracking number DOC NOAA 2015-596.

**81.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-596 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**82.**     On April 7, 2015, April 14, April 23, 2015 and April 30, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline regarding Request DOC NOAA 2015-596, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for same.

**83.**     By letter dated April 30, 2015, Defendant issued a final decision on FOIA Request DOC NOAA 2015-596. Defendant asserted that it could not locate any records responsive to the request.

**84.**     Via email attachment, on May 22, 2015, Plaintiff submitted a timely appeal of Defendant's failure to locate any records responsive to FOIA Request DOC NOAA 2015-595.

**85.**     On June 11, 2015, Plaintiff reminded Defendant of FOIA's 20 business day appeal decision deadline for the appeal of FOIA Request DOC NOAA 2015-595, 5 U.S.C § 552(a)(6)(A)(ii), and further requested an estimated completion date for same.

**86.**     Defendant failed to issue a final decision on Plaintiff's appeal within 20 business days from receipt of Plaintiff's FOIA appeal of FOIA request DOC NOAA 2015-596 as required by 5 U.S.C. § 552(a)(6)(A)(ii).

**87.**     Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadlines for Request DOC NOAA 2015-596, or the appeal of same, and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**88.**     Pursuant to 5 U.S.C. § 552(a)(7)(A), Defendant is required to assign an individualized tracking number to any request or appeal that requires more than ten days to complete.

**89.**     As of the date this action was filed, Defendant has failed to assign an individualized tracking number for the appeal of FOIA Request DOC NOAA 2015-596.

**90.**     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-596.

**91.**     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA appeal for Request DOC NOAA 2015-596 has passed.

**92.**     As of the date this action was filed, Defendant has not provided a final determination on Plaintiff's FOIA appeal for Request DOC NOAA 2015-596 pending with the Agency.

**93.**     As of the date this action was filed, Defendant has not informed Plaintiff of an estimated completion date for the appeal of FOIA Request DOC NOAA 2015-596 currently pending with the Agency.

**94.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**95.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-597**

**96.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**97.**     Using Defendant's online portal "FOIAonline," on January 27, 2015, Plaintiff requested from NOAA "correspondence logs from NOAA to Congress and from Congress to NOAA identifying specific pieces of correspondence by control number and congressional office" from January 1, 2009, through March 1, 2013. Defendant assigned the request tracking number DOC NOAA 2015-597.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**98.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's

FOIA Request DOC NOAA 2015-597 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**99.**     On February 14, 2015, Defendant released to Plaintiff 550 pages of documents assembled in re-

sponse to a previous third-party FOIA request that it suggested were responsive to FOIA Request DOC

NOAA 2015-597. However, Plaintiff informed Defendant that the documents did not satisfy FOIA Re-

quest DOC NOAA 2015-597 and requested that the Agency continue its search.

**100.**     On April 7, 2015, April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff

notified the Defendant that it had violated FOIA's 20 business day decision deadline regarding Request

DOC NOAA 2015-597, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date

for same.

**101.**     Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstanc-

es" prevented it from compliance with FOIA's decision deadline for Request DOC NOAA 2015-597

and providing a date on which the Agency expected to make the determination. 5 U.S.C.

§ 552(a)(6)(B)(ii).

**102.**     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently be-

ing withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-597.

**103.**     As of the date this action was filed, the deadline for Defendant to issue a final determination on

Plaintiff's pending FOIA Request DOC NOAA 2015-597 has passed.

**104.**     As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's

FOIA Request DOC NOAA 2015-597.

**105.**     As of the date this action was filed, the NOAA has not informed Plaintiff of an estimated com-

pletion date for FOIA Request DOC NOAA 2015-597 currently pending with the Agency.

**106.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute

this claim.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

107.   Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-606**

108.   The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

109.   Using Defendant's online portal "FOIAonline," on January 29, 2015, Plaintiff requested from NOAA "daily scheduling records concerning NOAA Principal Deputy Under Secretary for oceans and atmosphere, Monica Medina's Esq. schedule from January 1 2009 until her resignation." Defendant assigned the request tracking number DOC NOAA 2015-606.

110.   Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-606 as required by 5 U.S.C. § 552(a)(6)(A)(i).

111.   On April 7, 2015, April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for Request DOC NOAA 2015-606.

112.   Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline for Request DOC NOAA 2015-606 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

113.   None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-606.

114.   As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Request DOC NOAA 2015-606 has passed.

115.   As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's FOIA Request DOC NOAA 2015-606.

**116.**    As of the date this action was filed, the NOAA has not informed Plaintiff of an estimated com-pletion date for FOIA Request DOC NOAA 2015-606 currently pending with the Agency.

**117.**    Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**118.**    Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

### Regarding FOIA Request DOC NOAA 2015-693

**119.**    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**120.**    Using Defendant's online portal "FOIAonline," on February 16, 2015, Plaintiff requested from NOAA "the correspondence log concerning all communications sent from and to Monica Medina's Esq. who was both an advisor and latter NOAA Principal Deputy Under Secretary for Oceans and Atmos-phere. The time period the request covers is from January 1, 2009 until her resignation." Defendant as-signed the request tracking number DOC NOAA 2015-693.

**121.**    Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-693 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**122.**    On April 7, 2015, April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for Request DOC NOAA 2015-693.

**123.**    Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstanc-es" prevented it from compliance with FOIA's decision deadline for request DOC NOAA 2015-693 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**124.**    None of FOIA's nine exemptions to mandatory disclosure apply to the information currently be-ing withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-693.

**125.**     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Request DOC NOAA 2015-693has passed.

**126.**     As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's FOIA Request DOC NOAA 2015-693.

**127.**     As of the date this action was filed, the NOAA has not informed Plaintiff of an estimated completion date for FOIA Request DOC NOAA 2015-693 currently pending with the Agency.

**128.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**129.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC NOAA 2015-694**

**130.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**131.**     Using Defendant's online portal "FOIAonline," on February 16, 2015, Plaintiff requested from NOAA "correspondence log concerning NOAA Administrator Dr. Jane Lubchenco from January 1 2009 to March 1, 2013." Defendant assigned the request tracking number DOC NOAA 2015-694.

**132.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-694 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**133.**     On April 7, 2015, April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for Request DOC NOAA 2015-694.

**134.** Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstanc-es" prevented it from compliance with FOIA's decision deadline for request DOC NOAA 2015-694 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**135.** None of FOIA's nine exemptions to mandatory disclosure apply to the information currently be-ing withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-694.

**136.** As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Request DOC NOAA 2015-694 has passed.

**137.** As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's FOIA Request DOC NOAA 2015-694.

**138.** As of the date this action was filed, the NOAA has not informed Plaintiff of an estimated com-pletion date for FOIA Request DOC NOAA 2015-694currently pending with the Agency.

**139.** Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**140.** Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

### Regarding FOIA Request DOC NOAA 2015-747

**141.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**142.** Using Defendant's online portal "FOIAonline," on February 20, 2015, Plaintiff requested from NOAA a copy of "the FOIA number NOAA 2010-00343 that was provided to Paul Muniz of counsel Burns and Levinson LLP concerning all documents related to shredding or deleting of documents con-ducted by NOAA's Office of Law Enforcement by Dale Jones, while his office was under investigation by the Office of the Inspector General." Defendant assigned the request tracking number DOC NOAA 2015-747.

20

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**143.**     Defendant failed to issue a final determination within 20 business days from receipt of Plaintiff's FOIA Request DOC NOAA 2015-747 as required by 5 U.S.C. § 552(a)(6)(A)(i).

**144.**     On April 14, 2015, April 23, 2015, April 30, 2015, and June 11, 2015, Plaintiff notified the Defendant that it had violated FOIA's 20 business day decision deadline, 5 U.S.C § 552(a)(6)(A)(i), and further requested an estimated completion date for Request DOC NOAA 2015-747.

**145.**     Defendant failed to provide a written notice to the Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline for request DOC NOAA 2015-747 and providing a date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

**146.**     None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC NOAA 2015-747.

**147.**     As of the date this action was filed, the deadline for Defendant to issue a final determination on Plaintiff's pending FOIA Request DOC NOAA 2015-747 has passed.

**148.**     As of the date this action was filed, Defendant had not issued a final determination of Plaintiff's FOIA Request DOC NOAA 2015-747.

**149.**     On Monday July 27, 2015, Plaintiff received a telephone message from Defendant's staff suggesting that Defendant "will try" to provide Plaintiff with documents responsive to FOIA request DOC NOAA 2015-747 by Friday, July 31, 2015.

**150.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**151.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding FOIA Request DOC OIG 2015-716/Appeal DOC OIG 2015-1077**

**152.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

153.   Using Defendant's online portal "FOIAonline," on February 19, 2015, Plaintiff requested from the OIG:

> • the DOC's OIG report findings, prepared in response to findings/allegations of document shredding conducted by NOAA's Office of Law Enforcement and Dale Jones, Former Director of the Office of Law Enforcement, while his office was simultaneously under investigation by the Inspector General and

> • any documents that the OIG collected or recovered (and a description of such records) while preparing the above 01G report cited that mention records concerning Arne Fuglvog of any kind that were shredded by [named employees] or other staff members in NOAA and any documents showing that persons in NOAA, including certain named employees, were notified of the shredding of the documents.

OIG assigned the request tracking number DOC OIG 2015-716.

154.   At the very latest, based on the February 19, 2015 date of Plaintiff's FOIA request, the deadline for issuing a final determination of FOIA Request DOC OIG 2015-716 elapsed on March 19, 2015.

155.   By letter dated March 27, 2015, OIG issued a final decision claiming that FOIA's Exemption 7(C) allowed it to deny the request by refusing to acknowledge the existence of any record responsive to FOIA Request DOC OIG 2015-716 on the ground that such disclosure could reasonably be expected to constitute an unwarranted invasion the personnel privacy of anyone named therein.

156.   Via email, on April 14, 2015, Plaintiff timely appealed OIG's decision. The appeal was assigned tracking number OIG 2015-1077. Plaintiff challenged the adequacy of OIG's search and application of FOIA's Exemption 7(C) to refuse to admit or deny the existence of records responsive to FOIA Request DOC OIG 2015-716.

157.   By letter dated May 8, 2015, OIG issued a final decision partially granting and partially denying on FOIA Appeal OIG 2015-1077. Consequently, eight pages responsive to FOIA Request DOC OIG 2015-716 were released in whole or in part.

158.   None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC OIG 2015-716.

**159.**     Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**160.**     Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

### Regarding FOIA Request DOC OIG 2015-753/Appeal DOC OIG 2015-1316

**161.**     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**162.**     Using Defendant's online portal "FOIAonline," on February 23 2015, Plaintiff requested from the OIG:

> all documents in any format for any a)investigation(s) , b) report(s), c) finding(s), d) memo(s), and e) communications or record of communications, created or written by 1) Daniel Coney (who was in the Denver OIG Field Office) and 2) other staff in the Department of Commerce's Office of the Inspector General. SEE THE ATTACHMENT FOR THE FULL FOIA If any of the documents (a-e) are discovered, I also request the Administration File on each of them. Subject Matter of Documents Described: The OIG documents (a-e) above that I request reflect, relate, arise from, or have to do with OIG evaluating, examining, and probing the conduct, events, and developments (occurring any time between 2002 and 2013) for the following assumed as true fact patterns about how NOAA handled what became Arne Fuglvog Scandal.

**163.**     By letter dated February 26, 2015, 2015, OIG assigned the request tracking number DOC OIG 2015-753.

**164.**     At the very latest, based on the February 23, 2015 date of Plaintiff's FOIA request, the deadline for issuing a final determination of FOIA Request DOC OIG 2015-753 elapsed on March 23, 2015.

**165.**     By letter dated April 28, 2015, OIG issued a final decision partially granting and partially denying FOIA Request DOC OIG 2015-753. OIG indicated that it had located 59 pages of information responsive to Plaintiff's request but was releasing only 17 pages in their entirety. An additional 39 pages were released with some material redacted based on FOIA's Exemptions 6 and 7(C). Finally, OIG withheld three pages in their entirety asserting that FOIA's Exemption 5 allowed the withholding.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**166.** Via email, on May 22, 2015, Plaintiff timely appealed OIG's decision. The appeal was assigned tracking number OIG 2015-1316. Plaintiff challenged the adequacy of OIG's search and application of FOIA's Exemptions 5, 6 and 7(C) to FOIA Request DOC OIG 2015-753.

**167.** By letter dated July 10, 2015, OIG issued a final decision partially granting and partially denying on FOIA Appeal OIG 2015-1316. Consequently, six pages responsive to FOIA Request DOC OIG 2015-753 were released in whole or in part.

**168.** None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the NOAA that is responsive to Plaintiff's FOIA Request DOC OIG 2015-753.

**169.** Plaintiff has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**170.** Plaintiff's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**171.** Plaintiff has fully exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C) (2015).

**CAUSES OF ACTION**
**COUNT I**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT-**
**CONSTRUCTIVE DENIAL/ UNLAWFUL WITHHOLDING**

**172.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**173.** Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DOC to assert that any of FOIA's nine disclosure exemptions apply to the information sought in this action. *See* 5 U.S.C. §§ 552(b)(l)-(9).

**174.** Defendant DOC violated Plaintiff's rights in this regard by failing to comply with FOIA's decision deadlines and thus constructively withholding information responsive to Plaintiff's FOIA requests.

**175.**    Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOC in the foreseeable future.

**176.**    Plaintiff's professional activities will be adversely affected if Defendant DOC is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**177.**    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOC will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**178.**    Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS**

**179.**    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**180.**    Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DOC to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**181.**    Defendant DOC violated Plaintiff's rights in this regard by unlawfully withholding information responsive to Plaintiff's FOIA requests, including but not limited to requests and appeals numbered:

(a)  FOIA Request DOC NOAA 2013-138/Appeal DOC OS 2014-567

(b)  FOIA Request DOC NOAA 2013-139/Appeal DOC OS 2014-443

(c)  FOIA Request DOC NOAA 2015-144/Appeal DOC OS 2015-898

(d)  FOIA Request DOC NOAA 2015-596/ (unnumbered) Appeal of FOIA Request NOAA 2015-596

(e)  FOIA Request DOC OIG 2015-716/Appeal DOC OIG 2015-1077

(f)  FOIA Request DOC OIG 2015-753/Appeal DOC OIG 2015-1316

based on the improper and overly broad application of FOIA's exemptions to mandatory information

COMPLAINT                                          25                    BAHR LAW OFFICES, P.C.

disclosure.

**182.** Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOC in the foreseeable future.

**183.** Plaintiff's professional activities will be adversely affected if Defendant DOC is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**184.** Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant DOC to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**185.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOC will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**186.** Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

**187.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**188.** Plaintiff has a statutory right to have Defendant DOC process his FOIA requests in a manner that complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant DOC repeatedly and unlawfully delayed its response to his information requests and appeals beyond the determination deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

**189.** Defendant DOC is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies.

**190.** Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOC in the foreseeable future.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**191.** Plaintiff's professional activities will be adversely affected if Defendant DOC is allowed to continue violating FOIA's decision deadlines as it has in this case.

**192.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOC will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**193.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT IV**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(ii) (Estimated Completion Date)**

**194.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**195.** Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . including . . . an estimated date on which the agency will complete action on the request."

**196.** Plaintiff asked DOC numerous times for estimated dates of completion for his pending FOIA requests and appeals. In so doing, Plaintiff invoked 5 U.S.C. § 552(a)(7)(B)(ii).

**197.** Defendant DOC has repeatedly failed to provide estimated dates of completion for Plaintiff's FOIA requests and appeals at issue in this case.

**198.** Upon information and belief, DOC's failure to provide specific estimated dates of completion for Plaintiff's FOIA requests and appeals represents an ongoing policy, practice, or standard operating procedure ("SOP").

**199.** A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**200.** Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOC in the foreseeable future.

**201.** Plaintiff's professional activities will be adversely affected if Defendant DOC is allowed to continue violating FOIA's requirement to provide estimated completion dates as it has in this case.

**202.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOC will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**203.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT V**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**INADEQUATE SEARCH**

**204.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**205.** Plaintiff has a statutory right to have Defendant DOC process his FOIA requests in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant DOC unlawfully failed to undertake a search reasonably calculated to locate records responsive to Plaintiff's information requests including but not limited to FOIA requests and appeals numbered:

    (a) FOIA Request DOC NOAA 2013-138/Appeal DOC OS 2014-567

    (b) FOIA Request DOC NOAA 2013-139/Appeal DOC OS 2014-443

    (c) FOIA Request DOC NOAA 2015-144/Appeal DOC OS 2015-898

    (d) FOIA Request DOC NOAA 2015-596/ (unnumbered) Appeal of FOIA Request NOAA 2015-596

    (e) FOIA Request DOC OIG 2015-716/Appeal DOC OIG 2015-1077

    (f) FOIA Request DOC OIG 2015-753/Appeal DOC OIG 2015-1316

**206.** Defendant DOC is unlawfully withholding public disclosure of information sought by Plaintiff,

information to which he is entitled and for which no valid disclosure exemption applies.

**207.** Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant DOC in the foreseeable future.

**208.** Plaintiff's professional activities will be adversely affected if Defendant DOC is allowed to continue violating FOIA by performing inadequate information searches as it has in this case.

**209.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOC will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**210.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT VI**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

**211.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**212.** Defendant DOC has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests and appeals that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's administrative requests and appeals; (3) provide Plaintiff with the estimated completion dates of those requests and appeals, and; (4) undertake a search reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests and appeals.

**213.** Defendant DOC has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests and appeals that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's administrative requests and appeals; (3) provide Plaintiff

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

with the estimated completion dates of those requests and appeals, and; (4) undertake a search reasona-

bly calculated to locate records responsive to certain of Plaintiff's FOIA requests and appeals.

214.    Plaintiff has been adversely affected and aggrieved by the Defendant DOC's failure to comply

with the mandates of FOIA. Defendant's failure and refusal to: (1) provide to Plaintiff documents re-

sponsive to his information requests and appeals that are not within the scope of any of FOIA's disclo-

sure exemptions; (2) issue a timely final determination of Plaintiff's administrative requests and appeals;

(3) provide Plaintiff with the estimated completion dates of those requests and appeals, and; (4) under-

take a search reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests

and appeals as alleged above to have injured Plaintiff's interests in public oversight of governmental op-

erations and constitute a violation of Defendant DOC's statutory duties under the APA.

215.    Plaintiff has suffered a legal wrong as a result of the Defendant DOC' failure to comply with the

mandates of FOIA. Defendant DOC's failure and refusal to: (1) provide to Plaintiff documents respon-

sive to his information requests and appeals that are not within the scope of any of FOIA's disclosure

exemption; (2) issue a timely final determination on Plaintiff's administrative requests and appeals; (3)

provide Plaintiff with the estimated completion dates of those requests and appeals, and; (4) undertake a

search reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests and ap-

peals as alleged above to have injured Plaintiff's interests in public oversight of governmental operations

and constitute a violation of Defendant DOC's statutory duties under the APA.

216.    Defendant DOC's failure and refusal to: provide to Plaintiff documents responsive to his infor-

mation requests and appeals that are not within the scope of any of FOIA's disclosure exemptions, and;

(2) issue a timely final determination on Plaintiff's administrative requests and appeals; (3) provide

Plaintiff with the estimated completion dates of those requests and appeals, and; (4) undertake a search

reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests and appeals as

alleged above, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore

actionable pursuant to the APA, 5 U.S.C. § 706(1).

**217.**     Alternatively, Defendant DOC's failure and refusal to: (1) provide to Plaintiff documents responsive to its information requests and appeals that are not within the scope of any of FOIA's disclosure exemptions, and; (2) issue a timely final determination on Plaintiff's administrative requests and appeals; (3) provide Plaintiff with the estimated completion dates of those requests and appeals, and; (4) undertake a search reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests and appeals as alleged above, is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**218.**     Plaintiff has no adequate remedy at law to redress the violations noted above.

**219.**     Plaintiff is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**220.**     Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

**1.**     Order Defendant to promptly provide Plaintiff all of the information sought in this action and to immediately disclose the requested documents.

**2.**     Declare Defendant's failure to disclose the documents requested by Plaintiff to be unlawful under the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2).

**3.**     Declare Defendant's failure to timely make a determination on Plaintiff's information requests and appeals to be unlawful under the FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii), as well as

agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2).

4.      Declare Defendant's failure to provide Plaintiff with the estimated completion dates of his requests and appeals, to be unlawful under the FOIA, 5 U.S.C. § 552(a)(7)(B)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

5.      Declare Defendant's failure to undertake a search reasonably calculated to locate records responsive to certain of Plaintiff's FOIA requests and appeals as alleged above to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

6.      Award Plaintiff his costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

7.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 30th day of July, 2015.

__s/ David Bahr_____          _s/ Rachel S. Doughty_____
David Bahr (Oregon Bar No. 901990)        Rachel S. Doughty (California Bar. No. 255904)
Bahr Law Offices, P.C.                    Greenfire Law
1035 ½ Monroe Street                      1202 Oregon Street
Eugene, OR  97402                         Berkeley, CA 94702
(541) 556-6439                            (828) 424-2005
davebahr@mindspring.com                   rdoughty@greenfirelaw.com
(Application for admission *pro hac vice* pending)