BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
REBECCA A. FALK (CSBN 226798)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    FAX: (415) 436-6748
    rebecca.falk@usdoj.gov

*Attorneys for Federal Defendant*

DAVID A. BAHR (Oregon Bar No. 90199)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439
davebahr@mindspring.com
(Admitted *pro hac vice*)

RACHEL S. DOUGHTY (California Bar. No. 255904)
Greenfire Law
1202 Oregon Street
Berkeley, CA 94702
(828) 424-2005
rdoughty@greenfirelaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN STEIN, | CASE NO. 15-03510 JST |
|     Plaintiff, | |
| v. | JOINT INITIAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE |
| UNITED STATES DEPARTMENT OF COMMERCE, | |
|     Defendant. | |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1.   Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2.   Facts**

Between October 12, 2012, and February 23, 2015, Plaintiff Alan Stein submitted a total of 12 FOIA requests to the Oceanic and Atmospheric Administration ("NOAA") and the U.S. Department of Commerce's Office of Inspector General ("DOC OIG"). Plaintiff asserts that U.S. Department of Commerce ("DOC") unnecessarily, unreasonably, and unlawfully failed to provide final decisions regarding records responsive to plaintiff's FOIA requests to its components, NOAA and DOC OIG. Moreover, Plaintiff alleges that the DOC, including its components, unlawfully, unnecessarily, and unreasonably withheld information responsive to his FOIA requests that does not fall within the scope of FOIA's exemptions to mandatory disclosure. As a result, Plaintiff brought this action under 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 1331 (because this action arises under the FOIA) and 2201 (Declaratory Judgment Act), and the Administrative Procedure Act, 5 U.S.C. § 701 ("APA") *et seq.*[1]

Following the filing of this lawsuit, federal defendant U.S. Department of Commerce asserts that it fully responded to each of the eight FOIA Requests and three of the four FOIA Appeals identified in Plaintiff's Amended Complaint. Plaintiff is in the process of reviewing these responses to determine completeness and compliance with FOIA's mandatory disclosure exceptions. As to the remaining FOIA appeal, DOC-NOAA-2013-000138, NOAA has produced thousands of documents, and the federal defendant will complete its production pursuant to the schedule set out in the parties' stipulation. Dkt. No. 19. Defendant anticipates that this response will be complete on or around January 19, 2016.

---

[1] The APA claims are asserted as an alternative to this Court's jurisdiction under the FOIA. *See, e.g.*, *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (finding APA violation for an agency actions not in accordance with FOIA), affirmed in relevant part, reversed on other grounds, *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009).

JOINT INITIAL CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER TO CONTINUE CASE
MANAGEMENT CONFERENCE- CASE NO. 15-03510      1

Plaintiff will review that response upon Defendant's assertion of completeness.

**3.    Legal Issues**

Plaintiff is reviewing NOAA's and the DOC OIG's responses to determine whether he believes these agencies have met their obligations to Plaintiff under FOIA.

Defendant believes the following legal issue is in dispute: Whether Defendant produced all documents responsive to Plaintiff's FOIA requests not subject to applicable legal exemptions.

**4.    Motions**

There are no prior or pending motions. The parties anticipate that this matter can be resolved through the meet and confer process. To the extent such discussions do not resolve the entire case, the parties anticipate that this matter can be resolved on summary judgment. Thus, the parties submit that scheduling any such motion is premature at this time. The parties are currently working in good faith to resolve the claims and issues in this action.

**5.    Amendments to the Pleadings**

Plaintiff is reviewing NOAA's and DOC OIG's responses to his FOIA requests. Once that review is complete, he will be able to determine whether any amendment to his initial pleading is required.

Pursuant to the parties' stipulation and this Court's order, Defendant's response to Plaintiff's Amended Complaint has been stayed, and the parties further stipulated that they will confer and propose to the Court a schedule for Defendant's response to either Plaintiff's Complaint or any Amended Complaint that Plaintiff seeks to file. Dkt. No. 19.

The parties submit that such proposal is premature at this time.

**6.    Evidence Preservation**

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7.    Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

**8.    Discovery**

To date, no discovery has been taken by any party, and the parties do not anticipate based on current information that discovery will be necessary in this case.  Defendant notes that discovery is generally not appropriate in FOIA actions.  *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir.2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C.2003), *citing Judicial Watch, Inc. v. Export–Import Bank*, 108 F.Supp.2d 19, 25 (D.D.C.2000).  That being said, Plaintiff reserves the right to make a motion to seek discovery regarding DOC's searches for responsive documents, and DOC reserves its right to oppose any such motion.

**9.    Class Actions**

This case is not a class action

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief Sought**

Plaintiff seeks an order directing defendant to engage in a search reasonably calculated to discover all responsive documents, and to produce any non-exempt, reasonably segregable information.

Defendant denies that Plaintiffs are entitled to any relief and seeks dismissal and costs.

**12.    Settlement and ADR**

The parties have already initiated a meet and confer process, and respectfully submit that ADR is not likely to increase the likelihood of resolving this matter at this time, as the federal defendant is working towards completing its document production and Plaintiff is in the process of determining if there are any legal issues regarding the productions to date.  The parties respectfully request that the Court allow the parties to continue to work to informally resolve these matters prior to making any ruling on ADR.  No ADR Phone Conference has yet been conducted.

**13.    Consent to Magistrate for All Purposes**

Plaintiff declined to consent to a magistrate.  Dkt. No. 9.

**14.    Other References**

None.

**15.   Narrowing of Issues**

The parties are in the process of meeting and conferring in an attempt to narrow the issues in this case and intend to continue to do so.

**16.   Expedited Schedule**

None suggested.

**17.   Scheduling**

This matter has been stayed until the date of the Case Management Conference, December 16, 2015. Dkt. No. 19. Plaintiff is reviewing the documents produced by NOAA and DOC OIG. The parties are working in good faith to resolve the claims and issues in this action. To the extent any issues remain after the meet and confer process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment. The parties submit, however, that scheduling any such motion is premature at this time. The parties will continue these discussions and respectfully suggest that the Court schedule a Case Management Conference on February 9, at which time the parties will provide the Court with a scheduling update and provide a briefing schedule if needed. Accordingly, the parties respectfully request that the Court extend the stay of this matter until the date of the next CMC.

**18.   Trial**

The parties anticipate that this entire case will be resolved on summary judgment.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has filed a Certification Of No Interested Entities or Persons, dkt. no. 1-1, and repeats herein its assertion that there are no non-party interested entities or persons to report.

Defendant is exempt from this requirement as a federal government entity.

**20.   Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

**21.   Professional Conduct**

Both parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

| | | | |
|---|---|---|---|
| 1 | DATED: December 1 2015 | By: | /s/ David Bahr |
| 2 | | | DAVID BAHR<br>Attorney for Plaintiff |
| 3 | DATED: December 1, 2015 | By: | /s/ Rachel Doughty |
| 4 | | | RACHEL DOUGHTY<br>Attorney for Plaintiff |
| 5 | DATED: December 1, 2015 | | BRIAN J. STRETCH |
| 6 | | | Acting United States Attorney |
| 7 | | By: | /s/ Rebecca A. Falk |
| 8 | | | REBECCA A. FALK[2]<br>Assistant United States Attorney |

### [PROPOSED] ORDER

Pursuant to the INITIAL CASE MANAGEMENT STATEMENT filed by the parties, and good cause having been shown, it is hereby ordered that the Case Management Conference currently scheduled for December 16, 2015 at 2:00 PM is continued to February 10, 2016 at 2:00 PM. The stay of this action shall remain in place until February 10, 2016.

**IT IS SO ORDERED.**

DATED: December 1, 2015



HONORABLE
UNITED STATES DISTRICT JUDGE

---

[2] I, Rebecca A. Falk, hereby attest, in accordance with the Civil L.R. 5(i)(3), the concurrence in the filing of this document has been obtained from the other signatory listed here.

JOINT INITIAL CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER TO CONTINUE CASE
MANAGEMENT CONFERENCE- CASE NO. 15-03510

5